**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3185
_____

JOSE MARTIN AVILA GARCIA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A209-307-766
Immigration Judge: Dinesh C. Verma
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
July 13, 2023

Before: PHIPPS, McKEE, RENDELL, *Circuit Judges*

(Opinion filed: July 25, 2023)

_____

OPINION*
_____

**McKEE**, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jose Avila Garcia petitions for review of the Board of Immigration Appeals' decision affirming the denial of his application for cancellation of removal. We will deny the petition for review.[1]

## I.[2]

Under 8 U.S.C. § 1252(a)(2)(B)(i), "[t]his Court lacks jurisdiction to review the denial of discretionary relief, including cancellation of removal. We may, however, review 'constitutional claims or questions of law raised upon a petition for review . . . .'"[3] To be eligible for cancellation of removal, an individual must establish "that removal would result in exceptional and extremely unusual hardship" to a qualifying relative.[4] "Challenges to 'exceptional and extremely unusual' hardship determinations constitute 'quarrels over the exercise of discretion and the correctness of factual findings' and do not raise constitutional claims or questions of law."[5] However "where the BIA is alleged to have made a hardship determination based on 'an erroneous legal standard' or 'on fact-finding which is flawed by an error of law,' our jurisdiction to review that determination is secure."[6]

---

[1] We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a)(1).
[2] If the BIA "'affirmed and partially reiterated' the IJ's determinations, we review both decisions." *Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020) (quoting *Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir. 2009)).
[3] *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010) (citation omitted) (quoting 8 U.S.C. § 1252(a)(2)(D)).
[4] 8 U.S.C. § 1229b(b)(1).
[5] *Patel v. Att'y Gen.*, 619 F.3d 230, 233 (3d Cir. 2010) (quoting *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008)).
[6] *Pareja*, 615 F.3d at 188 (quoting *Mendez v. Holder*, 566 F.3d 316, 322 (2d Cir. 2009)).

Garcia contends that the IJ made several legal errors in the hardship determination, which provide us with jurisdiction to review the BIA's determination that he failed to demonstrate hardship. Specifically, Garcia argues that the IJ legally erred by focusing on his present circumstances and those of his son in Mexico, rather than on the future hardship his U.S. citizen daughters would face in the event of his removal. However, the IJ looked at the current circumstances of Garcia and his son to help predict the hardship that would occur to Garcia's daughters after his removal. Garcia does not raise colorable legal challenges to the hardship determination, rather he disputes the IJ's discretionary factual findings. "[A] party may not dress up a claim with legal clothing to invoke this Court's jurisdiction."[7] Therefore, we lack jurisdiction over Garcia's challenges to the discretionary hardship determination.[8]

Garcia also contends that the BIA erroneously affirmed the IJ's refusal to terminate the proceedings due to the deficient Notice to Appear. Garcia received the deficient NTA on February 1, 2017, but he waited until his final merits hearing on November 20, 2018, after the pleadings had closed, to object to the NTA. We have previously concluded that a petitioner's objections to an NTA that failed to specify the date and time to appear was untimely because the petitioner "waited until just before her

---

[7] *Pareja*, 615 F.3d at 187.

[8] Even if we had jurisdiction, the Government contends that Garcia's alleged legal challenges to the hardship determination are unexhausted and unreviewable because Garcia did not present them to the BIA. A final order of removal is reviewable only if a noncitizen "has exhausted all administrative remedies available . . . as of right." 8 U.S.C. § 1252(d)(1). Moreover, "[t]he exhaustion requirement attaches to each particular issue raised by the petitioner." *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012).

merits hearing to raise her complaint about the omissions on the NTA, over two years after her proceedings commenced."[9] The BIA has also held that in order to be timely an objection to a deficient NTA must be "raised prior to the closing of pleadings before the Immigration Judge."[10] Garcia did not object to the deficient NTA until after the close of pleadings during the merits hearing more than twenty-one months after the NTA was filed. Thus, Garcia's objection to the NTA was untimely and the BIA did not err by affirming the IJ's refusal to terminate the proceedings due to the invalid NTA.

## II.

For the above reasons, we will deny the petition for review.

---

[9] *Chavez-Chilel v. Att'y Gen.*, 20 F.4th 138, 144 n.7 (3d Cir. 2021).
[10] *Matter of Fernandes*, 28 I. & N. Dec. 605, 610–11 (BIA 2022).